Commonwealth ex rel. Johnson, Appellant, *v.* Rundle.

486

Argued November 20, 1968. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Leon H. Kline,* for appellant.

*Samuel T. Swansen,* Assistant District Attorney, with him *James D. Crawford,* Assistant District Attor-

ney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, October 9, 1970:

In 1946 appellant pleaded guilty to murder generally. Following a degree of guilt hearing, he was found guilty of murder in the first degree and sentenced to death, a sentence which was later commuted to life imprisonment. No appeal was taken. In 1965 appellant filed a habeas corpus petition, in which he alleged that his confession was elicited at a critical stage in the proceedings, but without the presence of counsel, and hence its admission into evidence at the degree of guilt hearing constituted error. The hearing court found against appellant, the petition was dismissed, and an appeal taken.

In 1968 appellant filed a PCHA petition, alleging that the confession was obtained unconstitutionally through physical force, that this confession primarily motivated his guilty plea, and hence the plea was invalid, and that he was denied his right of appeal. Again the hearing court found against appellant, and an appeal was taken. Both cases being on appeal at the same time, we had them consolidated and argued together.

Appellant's initial contention is that his confession was elicited at a time when counsel's presence was constitutionally required. The evidence shows that immediately after appellant had his preliminary hearing the police kept him in their custody and interrogated him, securing his confession, rather than returning him to the city prison to which the magistrate had committed him. Since this interrogation occurred *after* the preliminary hearing, petitioner urges that it therefore constituted a critical stage in the proceedings, and that the

Sixth Amendment required the presence of counsel. See *Massiah v. United States*, 377 U.S. 201, 84 S. Ct. 1199 (1964) ; *Commonwealth v. Dickerson*, 428 Pa. 564, 565, 237 A. 2d 229, 230 (1968) (dissenting opinion); cf. *Coleman v. Alabama*, 399 U.S. 1, 90 S. Ct. 1999 (1970). But see *Commonwealth ex rel. Mount v. Rundle*, 425 Pa. 312, 319-20, 228 A. 2d 640, 644-45 (1967).

Appellant's contention has now been answered by the Third Circuit in *United States ex rel. Dickerson v. Rundle*, 430 F. 2d 462 (3d Cir. 1970) (en banc) (HAS-TIE, C. J., FREEDMAN and ADAMS, JJ., dissenting). There the majority of the court held that a defendant, interrogated *after* his preliminary hearing, and pursuant to an ex parte bring-up order, "stood in the same legal shoes as did the defendant in Massiah," *id.* at 467, and hence his interrogation did constitute a critical stage requiring counsel. *Massiah's* protection, however, is not to be retroactively applied, so that Dickerson's confession was therefore properly utilized. See *United States ex rel. Allison v. New Jersey*, 418 F. 2d 332 (3d Cir. 1969).

Although appellant in the instant case did not even have the protection of an ex parte bring-up order, the principles enunciated by the majority of the Third Circuit in *Dickerson* are still applicable. Appellant's interrogation held after his preliminary hearing was a critical stage, but the confession cannot be attacked because it was obtained before the United States Supreme Court's decision in *Massiah*. Hence appellant's claim for relief on this ground must be rejected.

Appellant's next claim centers around his contention that his confession was physically coerced. Appellant testified at the PCHA hearing that the police secured his confession by beating him with a rubber hose; his mother testified that when she went to see him at the police station appellant told her about this

beating. Trial counsel also testified that he had investigated the incident, but had decided not to press the matter. No testimony was presented at the PCHA hearing to contradict appellant's.

The burden of proof in this collateral proceeding, however, is upon the petitioner, see *Commonwealth v. McBride*, 440 Pa. 81, 269 A. 2d 737 (1970), and the hearing court chose to disbelieve his testimony. We are unable to find an abuse of discretion in this finding, particularly in light of the fact that appellant waited so long before asserting it, and so the finding must be affirmed. Likewise we must sustain the hearing court's finding that the plea was knowingly and intelligently entered, a finding not vigorously disputed in this appeal. Further, since the confession has not been shown to have been improperly obtained, we need not consider whether it primarily motivated the plea.

Appellant's final contention is that he was denied his right to appeal. Appellant was found guilty of first degree murder after a plea of guilty to murder generally, and hence the denial of his right to appeal would be prejudicial, there being the possibility of non-constitutional errors in his degree of guilt hearing. See, e.g., *Commonwealth v. Zaffina*, 432 Pa. 435, 248 A. 2d 5 (1968); cf. *Commonwealth v. Walters*, 431 Pa. 74, 244 A. 2d 757 (1968) (holding different rule applicable for conviction of second degree murder). This claim was raised in appellant's petition, appellant testified at the PCHA hearing that he was not informed of his right to appeal, and one of appellant's trial counsel testified that he did not think he mentioned anything about it. Nevertheless, the hearing court made no finding on this point. While normally we would remand for a further hearing, the record of appellant's original trial is silent on the question whether he was informed of his right to appeal, or of his right to free

490

counsel on appeal. Thus the burden of proof on this issue rested with the Commonwealth. See, e.g., *Commonwealth v. Ezell*, 431 Pa. 101, 244 A. 2d 646 (1968); *Commonwealth v. Mumford*, 430 Pa. 451, 243 A. 2d 440 (1968); *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968). Since the Commonwealth produced no evidence on the point at the PCHA hearing, appellant must be given the right to file post-trial motions as though timely filed. See *Commonwealth v. Faison*, 437 Pa. 432, 441-43, 264 A. 2d 394, 398-99 (1970).

The orders of the Court of Common Pleas, Trial Division, Criminal Section, are affirmed in part, and vacated in part, and the case is remanded for further proceedings consistent with this opinion.

Mr. Chief Justice BELL and Mr. Justice EAGEN concur in the result.

Mr. Justice POMEROY took no part in the consideration or decision of this case.

---

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE ROBERTS:

While I fully agree with the majority's decision to grant appellant his right to an appeal as though timely filed, I cannot agree that his confession was constitutionally obtained. I still retain the view, set out more fully in my dissent in *Commonwealth v. Dickerson*, 428 Pa. 564, 565, 237 A. 2d 229, 230 (1968), that an interrogation occurring *after* a preliminary hearing, holding an accused for grand jury action, is a critical stage, and that counsel is accordingly required. While the Third Circuit has now apparently adopted this view, see *United States ex rel. Dickerson v. Rundle*, 430 F. 2d 462 (3d Cir. 1970), relief is now denied on the basis that *Massiah v. United States*, 377 U.S. 201, 84 S. Ct. 1199 (1964), is not retroactive. See *United States ex*

*rel. Allison v. New Jersey,* 418 F. 2d 332 (3d Cir. 1969). I cannot agree.

*Massiah* is a Sixth Amendment case: "Here we deal . . . with a . . . conviction . . . where the specific guarantee of the Sixth Amendment directly applies. . . . We hold that petitioner was denied the basic protections of that guarantee. . . ." 377 U.S. at 205-206, 84 S. Ct. at 1202-1203 (citations omitted). It relied heavily on other Sixth Amendment cases, such as *Hamilton v. Alabama,* 368 U.S. 52, 82 S. Ct. 157 (1961) ; *White v. Maryland,* 373 U.S. 59, 83 S. Ct. 1050 (1963), and *Powell v. Alabama,* 287 U.S. 45, 53 S. Ct. 55 (1932), as well as the concurring opinion in *Spano v. New York,* 360 U.S. 315, 326, 79 S. Ct. 1202, 1209 (1959). See *Massiah,* 377 U.S. at 204-205, 84 S. Ct. at 1202. These right to counsel cases "have all been made retroactive, since the 'denial of the right must almost invariably deny a fair trial.' See Stovall v. Denno, 388 U.S. 293, 297, 87 S. Ct. 1967, 1970, 18 L. Ed. 2d 1199." *Arsenault v. Massachusetts,* 393 U.S. 5, 6, 89 S. Ct. 35, 36 (1968) (holding *White v. Maryland,* supra, retroactive). Accord *Commonwealth ex rel. Firmstone v. Myers,* 431 Pa. 628, 631-32, 246 A. 2d 371, 373 (1968). See also *Tehan v. United States ex rel. Shott,* 382 U.S. 406, 416, 86 S. Ct. 459, 465 (1966) (articulating difference between right to counsel, and Fifth and Fourth Amendment cases). Hence I believe that *Massiah* is likewise retroactive, and that appellant's confession is consequently constitutionally infirm.

Additionally, I must note my agreement with Judge ADAMS' dissenting opinion in *United States ex rel. Dickerson v. Rundle,* supra, in which he notes that the majority's conclusion in *Dickerson* is inconsistent with the United States Supreme Court's recent decision in *Coleman v. Alabama,* 399 U.S. 1, 90 S. Ct. 1999 (1970). There the Supreme Court held that an ac-

cused must have counsel " 'at any stage of the prosecution, formal or informal, *in court or out.'* " Id. at 7, 90 S. Ct. at 2002 (emphasis added). This again supports my view that once the accused is held for the grand jury, the prosecution has commenced, and the accused is consequently entitled to the assistance of counsel at every stage thereafter. In the instant case, as in *Dickerson,* the accused was prejudiced by the denial of counsel at a later stage, and under *Coleman,* relief must therefore be granted. See *United States ex rel. Dickerson v. Rundle,* 430 F. 2d 462, 472 (ADAMS, J., dissenting).

Accordingly, with all deference to a majority of the Third Circuit, it is my view that the above United States Supreme Court decisions require us to give appellant relief. Certainly, I might add, there is nothing in either federal or state law which compels us to follow *Dickerson,* a four-to-three decision of the Third Circuit, and, in my judgment, erroneously deny to appellant the relief to which he is entitled. Hence I would grant appellant a new degree of guilt hearing, free of the taint of the unconstitutionally obtained confession.