336 A.2d. 302

**COMMONWEALTH of Pennsylvania**

v.

**John Frederick NOLE, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted April 15, 1974.

Decided April 17, 1975.

Nelson Romisher, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief, Appeals Div., James Garrett, Asst.

Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty., for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, John Frederick Nole, was convicted by a jury on May 21, 1970, of carrying a concealed deadly weapon, aggravated robbery, burglary and murder in the first degree. Post-verdict motions were denied and the appellant was sentenced to a term of life imprisonment. On direct appeal, this Court affirmed the judgments of sentence. *Commonwealth v. Nole*, 448 Pa. 62, 292 A.2d 331 (1972). Appellant subsequently filed a petition for relief under the Post Conviction Hearing Act. An evidentiary hearing was held and the relief requested was denied on November 1, 1973. Appellant now appeals to this Court.

In the late afternoon of February 22, 1969, appellant, then seventeen years of age, and two other youths entered a neighborhood candy store owned and operated by eighty-one year old Joseph Shayka and his wife, Helen Shayka. One of the appellant's companions held a knife to the husband's neck. Appellant pointed a gun at the husband; struck him several times in the stomach with his fists and the gun; and demanded money. The cash register was then rifled and the youths ran out. The husband collapsed and died shortly thereafter of a massive internal hemorrhage resulting from the rupture of his abdominal aorta. At trial, the wife, an eyewitness, described the robbery in detail and identified appellant as her husband's assailant. The prosecution introduced an inculpatory statement, signed by the appellant, which reiterated the wife's description of the crime. Two youths, who were not involved in the robbery, testified

that appellant had shown them his gun and had attempted to recruit them as participants shortly before the robbery occurred. The gun which was used during the robbery was produced at trial with the explanation that it had been seized by police pursuant to a lawful search of appellant's home. In his direct appeal, appellant unsuccessfully challenged his certification for trial as an adult, and the sufficiency of the evidence to prove that the blows which appellant had administered to the victim were the cause of death.

Appellant raises several issues in this appeal. He first contends that he was denied the effective assistance of counsel both at trial and on direct appeal. In support of this claim appellant alleges that (1) counsel failed to object to the trial court's charge in which the court expressed its opinion as to the guilt or innocence of the appellant, (2) counsel failed to assert on direct appeal that the prosecution systematically excluded members of the black race from serving as jurors, thus depriving appellant of a fair and impartial trial, and (3) counsel also failed on direct appeal to challenge the admission into evidence at trial of an allegedly involuntary confession. The record reveals that appellant was represented by two court appointed attorneys both at trial and on direct appeal.

In determining the effectiveness of appellant's counsel "[o]ur task . . . encompasses both an independent review of the record, . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). Ineffective assistance of counsel may only be found if " '[t]he defense actually tendered was so insubstantial in relation to those not offered as to cast doubt upon the hypothesis that trial counsel made a deliberate informed choice.' We cannot emphasize strongly enough, however, that our inquiry

ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." (Emphasis in original.) *Id.* at 604, 235 A.2d at 352.

That portion of the charge which the appellant contends his counsel should have objected to was as follows:

"Members of the Jury, I have read to you the definition of murder of the first degree. You are not bound by my opinion at any time. It is for you at all times to say and not for me to say. Understanding, therefore, that it is my opinion that does not bind you, I will tell you that it is my opinion in this case that if the defendant is guilty of murder, murder of the First Degree, it would be because the killing occurred during the perpetration of a robbery or a burglary; otherwise, the defendant in my opinion, would not be guilty of murder of the first degree."

Even if we assume that the charge was erroneous, we are of the opinion that trial counsel may reasonably have believed that the charge was to the advantage of appellant since its effect was to limit the legal basis upon which the jury could return a verdict of murder in the first degree. Failure to interpose an objection, therefore, was a product of trial strategy and not of inadequate representation. *See Commonwealth v. Hill,* 450 Pa. 477, 301 A.2d 587 (1973).

Appellant's second allegation as to counsel's failure to raise on appeal the issue of racial discrimination in the selection of the jury is equally without merit. Initially, we note that procedurally counsel was precluded from arguing the issue of systematic exclusion of black jurors on appeal since it had not first been raised in the trial court. Therefore, our inquiry must be whether there was a reasonable basis for counsel's failure to assert this issue at trial.

*Commonwealth v. Darden,* 441 Pa. 41, 51, 271 A.2d 257, 262 (1970), held that "[t]he burden of proving the existence of a purposeful discrimination is on the party who asserts it; however, if a prima facie case is established, then the burden shifts to the prosecution." In that case, the prosecution exercised seven of its permissible twenty peremptory challenges; four of those challenges were utilized to exclude black people from the jury; and no person of that race was seated as a member of the trial jury. We held that a prima facie case of racial discrimination had not been established.

In the instant case, appellant argues that counsel acted unreasonably in failing to raise the issue of racial discrimination because it was "obvious that each juror acceptable to the defense was peremptorily stricken by the prosecution," and by virtue of the fact that the trial jury was ultimately composed of eleven whites and one black. The record is totally barren of any additional evidence which would tend to support appellant's claim. In light of the burden upon a party asserting racial discrimination, we are unable to conclude on the record before us that appellant's counsel acted unreasonably in not raising the issue at trial.

We are likewise unable to agree with appellant's assertion that counsel's failure on direct appeal to challenge the admissibility of an allegedly involuntary confession constitutes ineffective assistance of counsel. Prior to trial, appellant's counsel sought unsuccessfully to have the confession suppressed as being involuntary. The evidence presented by the prosecution at the suppression hearing may be summarized as follows. At approximately 1:15 p.m., on September 2, 1969, appellant was arrested and taken to police headquarters where he was placed in an interrogation room. Appellant remained alone in the room for the next hour and a half. During this time a police car was dispatched to his mother's house to inform her of appellant's arrest and detention. The attempt of

the police to locate appellant's mother at her home proved unsuccessful. At approximately 3:15 p.m., two police officers entered the interrogation room, warned appellant of his constitutional rights, and advised him of the reason for his arrest. Appellant agreed to give a statement and immediately confessed his involvement in the robbery that led to the storeowner's death. The statement was repeated, reduced to typewritten form, and then read and signed by the appellant at 6:15 p.m. The evidence presented by the defense, consisted of appellant's testimony and that of his mother. Appellant testified that he was never warned of his constitutional rights; that he asked for counsel but was refused; that he requested to see his mother but was likewise refused; that he never made a statement to the police officers; that he did not read the statement nor was the statement read to him; that he did not know what the statement contained when he signed it; that he signed the statement only after being confronted with the statement of two co-defendants, and after being told that it would be best to sign it to get the "weight off." Appellant's mother testified that she was at home on the date of the arrest and that the police never contacted her or informed her of her son's arrest. At the close of testimony and argument appellant's counsel told the suppression judge: "In my opinion it is a matter of credibility."

 Since on appeal the evidence would have been viewed in the light most favorable to the prosecution, we cannot say that appellate counsel was ineffective in not raising the issue of the voluntariness of the confession. Accepting the prosecution's evidence as credible, there was no basis for counsel to conclude that the issue merited appellate review. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968).

██ Appellant also raises two other issues. He argues that his confession was involuntary and that the

prosecution systematically excluded members of the black race from serving as jurors. Since we have previously concluded that appellant was not denied the effective assistance of counsel on these matters, and because these issues were not raised on direct appeal, appellant has waived the right to raise these claims. Act of January 25, 1966, P.L. (1965) 1580, § 4, 19 P.S. § 1180–4; *Commonwealth v. Hill*, 450 Pa. 477, 301 A.2d 587 (1973); *Commonwealth v. Murray*, 452 Pa. 282, 305 A.2d 33 (1973).

Judgment affirmed.