337 A.2d 822
**COMMONWEALTH of Pennsylvania**
**v.**
**James LONDON, Appellant.**

Supreme Court of Pennsylvania.
Submitted April 10, 1975.
Decided May 13, 1975.

Alfred Marroletti, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Glenn S. Gitomer, Asst. Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty., for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM

Appellant pleaded guilty to murder generally upon certification by the Commonwealth that his guilt rose no higher than murder in the second degree. He was found guilty of murder in the second degree and sentenced to seven to twenty years' imprisonment on August 14, 1972. Subsequently, appellant petitioned for post-conviction relief alleging that he was not competent to enter a plea of guilty.

The crime for which appellants stands convicted occurred in 1966. In early 1967 he was deemed incompetent to stand trial and committed to Farview State Hospital. On September 27, 1971, he was adjudged competent for trial. When the case was called for trial on August 10, 1972, appellant indicated he wished to plead

guilty. To assure itself that appellant then had the capacity to legally enter such a plea, the court arranged additional psychiatric evaluation of appellant's competency. Two evaluators examined appellant, concluded he was competent to stand trial and to enter a plea and so testified. The trial judge then conducted an extensive colloquy during which appellant conferred with both his attorney and Reverend Richart Swartout, his prison chaplain.

At the post-conviction hearing the psychiatric evaluators who testified at trial reaffirmed their testimony. Only the appellant's own testimony was offered to rebut the Commonwealth's evidence of competence. The hearing judge determined that appellant had failed to meet his burden of proof and consequently denied relief. We find no reason to disturb that result. *See Commonwealth v. Savage*, 433 Pa. 96, 249 A.2d 304 (1969); *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 196 (1968).

Order affirmed.