343 A.2d 354
**COMMONWEALTH of Pennsylvania**
v.
**Gerald Christian MUSSER, Petitioner.**

Supreme Court of Pennsylvania.

Decided Aug. 18, 1975.

Gerald C. Musser, in pro. per.

Ronald L. Buckwalter, Henry S. Kenderdine, Jr., Asst. Dist. Attys., Lancaster, for respondent.

## OPINION OF THE COURT

PER CURIAM:

This is a petition for allowance of an appeal from the Superior Court's per curiam affirmance of the denial

without a hearing of petitioner's second petition filed pursuant to the Post Conviction Hearing Act.* In that petition defendant attacked as involuntary his plea of guilty to charges of conspiracy, assault with intent to kill and robbery entered on November 11, 1967. Petitioner also alleged a denial of effective assistance of counsel both at an earlier evidentiary hearing held to determine the voluntariness of his plea and on the appeal therefrom. The trial court denied petitioner's second petition on the ground that the voluntariness of the plea had been finally litigated in the earlier proceeding, but without holding a hearing to determine whether petitioner had the benefit of competent counsel in that proceeding.

██ Since an issue may not be finally litigated or waived in a proceeding in which the defendant has been denied effective assistance of counsel, see *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974); *Commonwealth v. Wideman*, 453 Pa. 119, 306 A.2d 894 (1973); *Commonwealth v. Murray*, 452 Pa. 282, 305 A.2d 33 (1973), the trial court should have held an evidentiary hearing to determine whether, as he alleges, petitioner was denied the effective assistance of counsel at the hearing on the voluntariness of his guilty plea and on the appeal from the order entered following such hearing. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). If it is determined that at both stages he was so denied effective legal assistance, petitioner must be granted a new evidentiary hearing on the voluntariness of his guilty plea. If the order of the trial court following either of such hearings is adverse to petitioner, an appeal therefrom may be taken to the Superior Court.

This petition for allowance of appeal is granted, the order of the Superior Court is vacated and the case is remanded to the Court of Common Pleas of Lancaster County for further proceedings consistent with this opinion.

* Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp.1975–76).