359 A.2d 386

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Robert RIGLER, Appellee (two cases).**

Supreme Court of Pennsylvania.

Argued March 30, 1976.

Decided July 6, 1976.

Steven H. Goldblatt, Clifford E. Haines, Asst. Dist. Attys., for appellant.

Chas. Lowenthal, Andrew G. Gay, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

ORDER OF THE COURT

PER CURIAM:

ORDER AFFIRMED.

ROBERTS, J., filed a concurring opinion in which MANDERINO, J., joins.

ROBERTS, Justice (concurring).

I concur in the conclusion of the majority but wish to articulate the reason I do so.

On May 10, 1975, appellee Robert Rigler was taken into custody in connection with a homicide case. He gave police a statement and was arraigned later that day. Appellee was incarcerated awaiting further action.

A preliminary hearing was scheduled for May 15, 1975. When appellee was taken to the courtroom for the preliminary hearing he informed the court that he could not afford private counsel and asked that the court appoint counsel. The hearing was postponed and counsel was appointed the same day. Appellee was returned to the custody of the sheriff in the City Hall cell room.

The same day the police took custody of appellee and brought him to the Police Administration Building for further questioning. A "bring up" order was used to have appellee released to police for questioning. The order purported to have been issued and signed by Judge Savitt but, in fact, his name was signed by a court clerk

without the judge's knowledge. Counsel for appellee was neither present nor notified when appellee was taken for further post-arraignment questioning pursuant to the so called "bring up" order.

Appellee was then questioned and a detailed statement was obtained. The statement was later ordered suppressed after a hearing. The suppression court found that once appellee requested that counsel be appointed, it was appellee's expressed intention not to proceed further or be questioned until he had counsel.[*] Thus, the initiation of further questioning by the police was improper. See *Commonwealth v. Mercier*, 451 Pa. 211, 302 A.2d 337 (1973); *Commonwealth v. Franklin*, 438 Pa. 411, 265 A. 2d 361 (1970).

In my view, the use of the ex parte bring-up order is an additional and independent basis for affirming the order of the suppression court. See *Commonwealth v. Broaddus*, 458 Pa. 261, 270, 274, 342 A.2d 746, 751, 753 (1974) (concurring opinion of Roberts, J.; dissenting opinion of Manderino, J.); *Commonwealth ex rel. Johnson v. Rundle*, 440 Pa. 485, 490, 270 A.2d 183, 185 (1970) (concurring and dissenting opinion of Roberts, J.); *Commonwealth v. Dickerson*, 428 Pa. 564, 565, 237 A.2d 229, 230 (1968) (dissenting opinion of Roberts, J.). See also *United States ex rel. Dickerson v. Rundle*, 430 F.2d 462 (3d Cir. 1970).

The use of such an order is in direct violation of a Pennsylvania statute. The Act of February 18, 1785, 2 Sm.L. 275, § 12, 12 P.S. § 1887 (1967) provides, in part:

"Any person being committed to any prison, or in custody of any officer, sheriff, jailer, keeper or other person, or his under officer or deputy, for any crimi-

---

[*] The suppression court also found that appellee "was subjected to continued psychological pressure, including the burning of his bed after lockup, resulting in his having to be confined in solitary. It was after five days of having his nerves frazzled in this manner that the subsequent events took place."

nal or supposed criminal matter, shall not be removed from the said prison or custody, into any other prison or custody, unless it be by habeas corpus or some other legal writ. . . ."

The "bring up" order here employed is not such a legal writ.

Moreover, I remain of the view, expressed in the cases cited above, that such an interrogation is a critical stage of the proceeding and counsel is accordingly required. Because such ex parte bring up orders are in flagrant violation of our statute and the federal and state constitutions, their use should be flatly prohibited.

MANDERINO, J., joins in this concurring opinion.