364 A.2d 266

COMMONWEALTH of Pennsylvania, Appellant,

v.

Jerry LOGAN, Appellee.

Supreme Court of Pennsylvania.

Argued April 2, 1976.

Decided Oct. 8, 1976.

Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., James A. Shellenberger, Philadelphia, for appellant.

John W. Packel, Chief, Appeals Div., Jonathan Miller, Asst. Defender, Judith Savitz, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

Appellee was tried before the late Judge Thomas M. Reed sitting without a jury for the gang related killing of Alonzo Booker. After a pre-trial motion to suppress oral and written statements was denied by Judge Reed, Jerry Logan was tried and found guilty of murder of the second degree on May 28, 1970.[1] Post-verdict motions were filed and denied. Appellee was subsequently sentenced to imprisonment for not less than four years and no more than twenty years. A direct appeal followed in which the only issue raised was the sufficiency of the evidence to sustain the conviction. This Court affirmed the judgment of sentence in a per curiam opinion citing *Commonwealth v. Pierce*, 437 Pa. 266, 263 A.2d 350 (1970). See *Commonwealth v. Logan*, 447 Pa. 581, 287 A.2d 902 (1972).

In July 1974, Logan filed a *pro se* Petition for Post-Conviction Relief. See, Act of 1966, January 25, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. New counsel was appointed and several evidentiary hearings were held. On June 27, 1975, the hearing court vacated appellee's judgment of sentence and awarded him a new trial. The Commonwealth has filed this appeal. After our review of this record, we believe the hearing court's

---

1. A nolle prosequi order was entered on related weapons charges and appellee was found not guilty of a conspiracy charge.

order must be vacated and the cause remanded for further proceedings below.

The hearing judge concluded that relief should be granted under the Post-Conviction Hearing Act, supra, after a determination that the arrest of appellee was made without probable cause [2] and that the incriminatory statements, elicited from appellee during the custodial interrogation which followed that arrest, were tainted by the illegality of the arrest. As an alternative basis for granting relief the court also determined that the incriminatory statements were obtained in violation of Pennsylvania Rule of Criminal Procedure 130 [formerly 118]. See *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). We are of the view that the learned court below fell into error by failing to recognize that these claims were waived under Section 4(b) of the Act, supra., 19 P.S. § 1180–4(b).

The record establishes that although a pre-trial motion to suppress these statements was filed, the basis relied upon to support the motion was that the statements were involuntarily elicited by psychological and physical coercion. Further, the instant objections were also not raised at trial, or during post-trial motions or before this Court on direct appeal. See generally, *Commonwealth v. Pritchitt*, 468 Pa. 10, 359 A.2d 786, (filed July 1976); *Commonwealth v. Gilmore*, 464 Pa. 464, 466, 347 A.2d 305, 307 (1975); *Commonwealth v. Mitchell*, 464 Pa. 117, 346 A.2d 48 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

The waiver provision of Section 4 does permit petitioner to justify his failure to raise an issue provided that he is able to establish the existence of extraordinary circumstances. Mr. Logan contends that his former counsel im-

2. The hearing court found that appellee was part of a "dragnet" type arrest. See *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.E'.2d 676 (1969); *Commonwealth v. Fogan*, 449 Pa. 552, 296 A.2d 7 5 (1972).

properly failed to raise the claims under Pa.R.Crim.P. 130 and the absence of probable cause.[3]  In addition to the allegation that former counsel improperly failed to raise these two issues, appellee has asserted numerous other instances of their incompetence.  "Since an issue may not be finally litigated or waived in a proceeding in which the defendant has been denied effective assistance of counsel", *Commonwealth v. Musser*, 463 Pa. 85, 87, 343 A.2d 354, 354–355 (1975) (and cases cited therein), and in view of the fact the allegation of ineffective assistance of former counsel extends both to their representation at trial and on direct appeal, we now must turn to this claim (ineffective assistance of counsel) to determine whether there was a valid waiver under Section 4 and also to determine whether relief should have been granted on the independent ground of ineffective assistance of counsel.

■ In the brief filed in this Court, appellee challenges the hearing court's rejection of his claim of ineffective assistance of counsel.[4]  In support of the allegation of ineffective assistance of counsel, appellee here contends that trial counsel erred in failing to appeal the ruling of the suppression judge on the voluntariness of the incriminatory statement, and in failing to raise several additional challenges to the admissibility of Logan's

3.  At trial and on his direct appeal, appellee was represented by two court-appointed attorneys.  In this collateral proceeding under the Post-Conviction Hearing Act, *supra,* he is being represented by new counsel.

4.  Although appellee did not file an appeal in the instant case, we do not believe that he is precluded from contesting this portion of the determination of the court below.  Since the appeal is from the order and not from the reasons offered by the court in support of that order, a party cannot be required to appeal when the order granted him the remedy he sought to obtain.  In this case the relief sought by appellee was the grant of a new trial.  The order of the court below awarded him a new trial.  In defending that order he is not thereafter precluded from offering reasons which were offered below and rejected by that court below.

confession, to wit, that there was a delay in giving him his *Miranda* warnings, that Logan, a juvenile, incriminated himself without benefit of advice from parent or counsel, that there was a period of unnecessary delay prior to arraignment, and that Logan's statement was tainted as a product of his illegal arrest. Additionally, it is asserted that counsel was incompetent by failing to order the transcription of certain suppression hearing notes and failing to challenge the competency of Judge Reed in passing upon the motion to suppress. Our independent review of the record satisfies us that Logan received prudent representation and a fair trial. *Commonwealth v. Hill*, 450 Pa. 477, 480, 301 A.2d 587, 590 (1973); *Commonwealth v. Ganss*, 440 Pa. 602, 606, 271 A.2d 224, 226 (1970).

The first basis offered to support the claim of ineffective assistance of counsel is that former counsel improperly failed to appeal the suppression court's finding that the confession was voluntary. At the post-conviction hearings former counsel testified that because their client's claim of involuntariness was purely a credibility determination to be made by the suppression judge, and the evidence contradicting Logan's story was "just overwhelming", they decided not to pursue the matters on appeal. In *Commonwealth v. Nole*, 461 Pa. 314, 336 A.2d 302 (1975), a pre-trial suppression hearing was held for the defendant and the motion to suppress was denied. Counsel argued to the suppression judge that in view of the conflicting versions, "it is a matter of credibility". *Commonwealth v. Nole, supra*, 461 Pa. at 321, 336 A.2d at 306. Nole's counsel did not appeal the suppression ruling. On appeal, this Court reviewed and rejected a similar claim of ineffective assistance of counsel. We there held:

Since on appeal the evidence would have been viewed in the light most favorable to the prosecution, we cannot say that appellate counsel was ineffective in

not raising the issue of the voluntariness of the confession. Accepting the prosecution's evidence as credible, there was no basis for counsel to conclude that the issue merited appellate review. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968).

*Id.;* 461 Pa. 321; 336 A.2d at 306.

See also, *Commonwealth v. Boyd,* 461 Pa. 17, 334 A.2d 610 (1975) (under totality of circumstances a suppression motion would have been futile. *Id.* 334 A.2d at 6188); *Commonwealth v. Robinson,* 452 Pa. 316, 305 A. 2d 354 (1973) (where failure of counsel to file a motion to suppress was not ineffective in light of conflicting versions concerning the circumstances of accused's statement).

Appellee also asserts that counsel failed to challenge Logan's statement as being inadmissible on the grounds that he was not given his constitutional warnings until five and one-half hours after his arrest. This contention is frivolous. From the record, it is clear that although Logan was arrested at approximately 5:00 P. M., the custodial interrogation did not begin until 10:30 P.M. Prior to the commencement of the custodial interrogation *Miranda* warnings were given. There is no requirement that the warnings be given unless and until the police seek to question the suspect.

Next, appellee claims that trial counsel failed to object to the introduction of a statement which was obtained from a minor defendant where the police had refused to contact an attorney or his parents. Trial counsel testified that although this was not set forth as a separate ground for relief, it was asserted as one of the factors in the totality of the circumstances submitted in support of a finding that the confession was involuntary.[5]

5. Although there have been recent cases which have indicated that a minor cannot effectuate a knowing and intelligent waiver

■ It is also argued that counsel's ineptness is demonstrated by their failure to pursue the violation of Pa. R.Crim.P. 130. Approximately six hours elapsed between the initial arrest and the first inculpatory statement. The questioning did not begin until approximately five and one-half hours after the arrest. The testimony establishes that the incriminatory statements were obtained after approximately one-half hour of police questioning. Counsel did assert undue delay as a basis for a finding that the confession was involuntary. Therefore, the only question before us is whether or not they should have, under the circumstances, made the additional claim that it was an unreasonable delay in violation of the procedural rule then in effect. While counsel certainly were charged with the knowledge of that rule, see *Commonwealth v. Mitchell, supra.*, 346 A.2d at 53, they obviously could not predict the remedy that a court would deem appropriate for a violation thereof. Having raised the objection in connection with the claim of involuntariness, we cannot say that the failure to also use it as an independent ground for relief should be determined as being ineffective stewardship.

This is not an instance where counsel "[sat] idly by and [failed] to raise an objection to improper treatment" of their client, *Commonwealth v. Mitchell, supra.*, 346 A. 2d at 53, but rather this represents a tactical judgment of counsel that the most effective way to raise the objection was to incorporate it within their claim attacking

of his Fifth and Sixth Amendment rights without the benefit of the judgment of counsel or the mature guidance of a parent or guardian, *Commonwealth v. Webster*, 466 Pa. 314, 353 A.2d 372 (1975); *Commonwealth v. Starkes*, 461 Pa. 178, 335 A.2d 698 (1975), such was not the law in 1970, the time of this trial. *Commonwealth v. Taylor*, 449 Pa. 345, 296 A.2d 823 (1972). At that time such considerations were only factors to be considered in the totality of the circumstances in determining the voluntariness of the statement. *Commonwealth v. Darden*, 441 Pa. 41, 271 A.2d 257 (1970); *Commonwealth v. Taper*, 434 Pa. 71, 253 A.2d 90 (1969); *Commonwealth v. Bishop*, 425 Pa. 175, 228 A.2d 661 (1967); *Commonwealth v. Cheeks*, 423 Pa. 67, 223 A.2d 291 (1966).

the voluntariness of the confession. We cannot say under the law as it then existed that such a judgment was without a reasonable basis.

Appellee also urges that counsel were ineffective in failing to request that Judge Reed recuse himself when Judge Reed stated at the time of the decision of the suppression motion that he did not fully remember the details of the testimony that had been offered during the prior hearing on the motion. The record reflects that at this point defense counsel summarized the evidence after which Judge Reed indicated that his recollection had been refreshed. It is apparent from the record that at the time of the decision, Judge Reed was fully cognizant of all of the evidence that had been presented and quite capable of rendering a decision. We therefore believe that the momentary lapse of recollection was of no significance.

Next, it is asserted by appellee that trial counsel was ineffective for failing to order a transcription of all of the notes of testimony of the pre-trial suppression proceedings. We find this argument to be without merit. Both trial counsel were present and actively participated during the hearings to suppress appellee's confession. There is no reason to conclude that there was any need for them to secure the notes particularly in view of their judgment that the ruling should not be appealed. Cf. *Commonwealth v. Goldsmith*, 452 Pa. 22, 304 A.2d 478 (1973) (and cases cited therein).

Lastly, appellee has seized upon the post-conviction hearing judge's finding that the arrest was without probable cause, see n. 2, *supra.* and now argues that former counsel was ineffective in failing to raise and pursue this claim. However, after a careful review of the record we can find no basis to support the hearing court's finding that the arrest was in fact without probable cause. Although appellee had checked the square on

the post-conviction petition form, asserting that the confession was the product of an illegal arrest he did not set forth any facts to support this claim in his petition, *Commonwealth v. Walker,* 460 Pa. 658, 334 A.2d 282 (1975), nor did he present any evidence during the numerous hearings which would justify such a finding. To the contrary the record is devoid of any evidence of the circumstances of appellee's arrest other than time and location. While there was testimony that other individuals may also have been taken into custody at the time of appellee's arrest, this fact alone does not support that appellee's arrest was without probable cause. Thus in absence of any basis for finding that the arrest was unlawful, we cannot conclude that former counsel was ineffective for failing to raise such a claim. The burden of establishing the ground upon which post-conviction relief is requested rests on the person seeking that relief. See generally, *Commonwealth v. London,* 461 Pa. 673, 337 A. 2d 822 (1975); *Commonwealth v. Walker, supra.*; *Commonwealth ex rel. Johnson v. Rundle,* 440 Pa. 485, 489, 270 A.2d 183, 184 (1970); *Commonwealth v. McBride,* 440 Pa. 81, 269 A.2d 737 (1970).

We therefore find that the issues of the legality of the arrest and the violation of Rule 130 have been waived under Section 4. We also agree with the hearing court that appellee has failed to sustain his claim of ineffective assistance of counsel. Thus the order of the hearing court is vacated. However, since the hearing judge did not pass upon all of the claims raised by appellee in his post-conviction hearing petition, we remand the cause for consideration and disposition of those issues.[6]

It is so ordered.

ROBERTS, J., filed a dissenting opinion in which MANDERINO, J., joined.

6. In the post-conviction hearing proceeding below, appellee also challenged the voluntariness of the statement and his ability to comprehend the *Miranda* warnings.

434

ROBERTS, Justice (dissenting).

I dissent. Appellee's trial counsel failed to raise the defense that appellee's incriminating statements were impermissibly tainted by an illegal arrest. The hearing court, ruling on appellee's petition for post-conviction relief, recognized the merit of the illegal arrest claim and granted a new trial. The majority reverses, holding that the claim was waived. In so doing, the majority asserts that the record does not support the hearing court's finding that the arrest was illegal and concludes that the otherwise inexplicable failure of appellee's trial counsel to raise the claim did not constitute ineffective assistance of counsel. This assertion ignores substantial portions of the record supporting the illegal arrest claim. I would affirm the hearing court's order.

Appellee raises several issues in the PCHA petition, including: (1) an incriminating statement used against him at trial was impermissibly tainted by an illegal arrest; (2) he was denied his right to effective assistance of counsel.[1]

Judge Doty, in his opinion granting PCHA relief, found that appellee's first claim was meritorious:

"The arrest took place at 15th and Clearfield Streets, Philadelphia, and the defendant was present there with a number of other juvenile males, all of whom were likewise arrested at that time.

The record amply supports the conclusion that the police viewed this killing as a gang-related incident and proceeded to arrest many juveniles, whom they thought to be gang members, in an effort to ascertain the facts surrounding the killing. Without doubt, the defendant was part of a 'drag net' type of arrest, spe-

1. The merits of appellee's other claims including his claim that he was subjected to an unnecessary delay between arrest and arraignment in violation of Pa.R.Crim.P. 130 and *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972), need not be reached.

cifically condemned by the United States Supreme Court and the Pennsylvania Supreme Court."

The majority, in rejecting Judge Doty's conclusion states: "[t]he record is devoid of any evidence of the circumstances of appellee's arrest other than time and location." Such a conclusion can only be reached by ignoring substantial evidence in the record which establishes that a "dragnet" arrest occurred.

The record contains the following facts in support of Judge Doty's finding. The shooting in question was attributed to a gang to which the appellee allegedly belonged. Several youths believed to be gang members were arrested and interrogated. Appellee put the number arrested at ten or more. The testimony of Detective Sincavage, whose interrogation produced the statement from appellee, indicates that the police had little basis for a belief that the appellee was responsible for the shooting. In fact, Detective Sincavage's suspicion apparently was based on information obtained from the defendant and the other youths after their arrests rather than information received prior to the arrest. Appellee's mother testified that a detective told her: "they have several boys there and they're being questioned and they would be released when they got done questioning him."

The record indicates that the arrest at issue here was part of a pattern and practice of arresting suspected gang members without probable cause and holding them for questioning. Several times that summer police investigating a gang related crime had arrested a number of youths, including the appellee, only to release them after interrogation. Appellee's mother testified that "they got so that they'd pick them up even if they were just standing on the corner."

Thus, the record reveals that several youths were arrested merely because the police suspected, without probable cause, that they were members of a gang involved in the shooting and that they were held without probable

cause for the sole purpose of obtaining a confession. This is precisely the kind of "dragnet arrest" condemned by this Court in *Commonwealth v. Fogan,* 449 Pa. 552, 296 A.2d 755 (1972). As Mr. Justice Eagen, speaking for the majority stated:

> "[W]e specifically condemn this type of 'dragnet arrest' . . . particularly where it results in hours of involuntary confinement. Such a practice can only lead to the illegal and unjust detention of innocent persons and raise serious doubts in the minds of all good citizens as to whether or not the police live within the law they are charged with upholding. The Commonwealth's position that [appellant's] police custody (before he confessed) was not an 'arrest', but merely the act of detaining and interviewing possible material witnesses is belied by the facts and rejected by every pertinent legal decision. See *Davis v. Mississippi,* 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969)."

449 Pa. at 556–57, 296 A.2d at 758. Accord, *Commonwealth v. Farley,* 468 Pa. 487, 364 A.2d 299 (1976).

The hearing court, based on the evidence in this record, was fully warranted in finding that there was no probable cause for appellee's arrest and in finding that appellee's incriminating statements were a direct result of his illegal detention. Because there are no intervening circumstances to purge the taint of the illegal arrest, the hearing court's findings mandate suppression of appellee's statements. See *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Betrand Appeal,* 451 Pa. 381, 303 A.2d 486 (1973).

The hearing court, as fact finder, must resolve conflicts in the testimony and must determine the credibility of the witnesses and the weight to be accorded to the evidence. See *Commonwealth v. Bruno,* 466 Pa. 245, 352 A.2d 40 (1976). Its findings are conclusive on appeal if

supported by the record. See *Commonwealth v. Kichline,* 468 Pa. 265, 281, 361 A.2d 282, 290 (1976).

The majority concludes that appellee must be denied relief because he waived the illegal arrest issue by his failure to raise it in his pretrial suppression motion, at trial or on appeal. I do not agree.

As the majority states, the failure to raise an issue in any prior proceeding in which the issue could have been raised constitutes a waiver for the purpose of the Post Conviction Hearing Act unless the petitioner can show "extraordinary circumstances," Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 4(b), 19 P.S. § 1180–4(b) (Supp.1976). Ineffective assistance of counsel is an "extraordinary circumstance" as provided in section 4(b)(2) and precludes a finding of waiver. *Commonwealth v. Musser,* 463 Pa. 85, 343 A.2d 354 (1975).

The test for establishing ineffective assistance of counsel is well established:

"[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel *had some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hind-sight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis."

(Emphasis in original.)

*Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352–53 (1967); accord, *Commonwealth v. Moore,* 466 Pa. 510, 353 A.2d 808 (1976); *Commonwealth v. Abney,* 465 Pa. 304, 350 A.2d 407 (1976); *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975).

438

Here appellee's trial counsel failed to assert a valid suppression claim. There can be no "reasonable basis designed to effectuate [appellee's] interests" in his failure to proceed on this issue. The facts of appellee's arrest were readily available to him, and the applicability of *Fogan* and *Davis* to those facts cannot be disputed. If counsel had raised this issue, an incriminating statement would have been suppressed, materially improving appellee's position at trial. No tactical reason can be advanced for trial counsel's failure to file a suppression motion. Thus, trial counsel must be deemed ineffective for failing to raise the illegal arrest claim. Therefore, the claim has not been waived. The hearing court's order granting a new trial should be affirmed.[2]

MANDERINO, J., joins in this dissenting opinion.

2. The majority apparently relies on the hearing court's finding that trial counsel was effective. This reliance is misplaced. The hearing court granted appellee relief based on his claims of unlawful arrest and unreasonable delay between arrest and arraignment. Its finding that trial counsel was effective, which was unnecessary to his decision, was based on aspects of counsel's effectiveness not related to the waiver of these two substantive claims.