411 A.2d 769

**COMMONWEALTH of Pennsylvania**

v.

**Lester M. X. HAYES, Appellant.**

Superior Court of Pennsylvania.

Submitted July 31, 1979.

Filed Oct. 5, 1979.

Petition for Allowance of Appeal Denied Feb. 13, 1980.

Reargument Denied April 21, 1980.

Louis Lipschitz, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

CIRILLO, Judge:

Appellant, Lester M. X. Hayes, shot and killed Elliot Glover in a Philadelphia bar on August 22, 1969. In exchange for the District Attorney's certification that the case rose no higher than second degree murder, appellant plead guilty to murder generally on October 29, 1970. The trial judge found appellant guilty of second degree murder, and ordered the maximum sentence of ten to twenty years imprisonment, to run consecutively to a fifteen year federal sentence already being served by appellant.

* Justice LOUIS L. MANDERINO of the Supreme Court of Pennsylvania, and Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

On November 16, 1970, before sentencing, appellant filed pro se motions for the appointment of new counsel and to withdraw his guilty plea. The lower court granted the petition for the appointment of new counsel, but following a hearing on February 24, 1971, at which appellant was represented by his newly appointed counsel, the motion to withdraw the guilty plea was denied and sentence imposed.

Appellant took no direct appeal from the denial of this motion. Three petitions for federal habeas corpus relief were denied for failure to exhaust state remedies.

Thereafter, appellant retained new counsel (his third), and filed a petition under The Post-Conviction Hearing Act [1] (hereafter "PCHA I"); but following an evidentiary hearing, the court denied relief. Denial of relief was affirmed by the Supreme Court. *Commonwealth v. Hayes*, 462 Pa. 291, 341 A.2d 85 (1975).

Thereafter, another petition for federal habeas corpus relief was filed and denied on April 26, 1976.

On May 26, 1976, appellant filed a second petition for Post-Conviction Relief (hereafter "PCHA II"). Present counsel, appellant's fourth defense attorney, filed an amended petition in which it was alleged that appellant had been denied the effective assistance of counsel in PCHA I hearings, and on appeal to the Supreme Court. Relief was denied without a hearing on December 20, 1977, on the basis that all issues raised were either finally litigated or waived. This appeal ensued. We remand.

Appellant alleges that he was denied the effective assistance of counsel at his PCHA I petition, and on the appeal therefrom. He bases his contention on essentially two grounds: (1) that counsel was ineffective for not arguing that the trial judge erred in imposing a sentence not in accordance with his plea bargain; and (2) that prior counsel was ineffective for failing to argue that appellant's plea was involuntary because the plea was accepted before a factual

1. Act of January 25, 1966, P.L. (1965) 1580 § 1 (19 P.S. § 1180–1, et seq.) (Supp.1976–77).

basis for it was established on the record, and because the elements of murder were not adequately explained on the record.

■ It is well settled that failure to raise a claim of ineffectiveness of counsel at the first opportunity in the proceedings without an allegation of extraordinary circumstances justifying the failure, results in waiver. *Commonwealth v. Bradley*, 485 Pa. 230, 401 A.2d 744 (1979); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). If appellant were raising the ineffectiveness of trial counsel, he would be precluded from doing such. The issue was not raised at the earliest stage of the post-trial proceedings in which appellant was represented by counsel different from trial counsel, the motion to withdraw the guilty plea. See *Commonwealth v. Hubbard*, supra.

■ However, appellant in this case is asserting the ineffectiveness of prior appellate counsel. This court has recently stated that: "As this appeal is the first stage of the proceedings at which post-trial counsel is no longer representing appellant, allegations of his ineffectiveness are properly raised in this direct appeal." *Commonwealth v. Hubbard*, supra, 472 Pa. at 277, n. 7, 372 A.2d at 695, n. 7. Therefore, this issue was properly raised in the PCHA II petition and on this appeal.

The Commonwealth asserts that the lower court was correct in dismissing the PCHA II petition without a hearing because all of the issues alleging ineffective assistance of counsel had been finally litigated in *Commonwealth v. Hayes*, supra, by this court.

Section 3 of the Post-Conviction Hearing Act [2] provides in pertinent part that:

"To be eligible for relief under this act, a person must . . . prove . . .

2. PCHA § 3, 19 P.S. § 1180–3 (Supp.1976).

(d) That the error resulting in his conviction and sentence has not been finally litigated or waived."

Section 4 of the Post-Conviction Hearing Act[3] provides:

"(a) For the purpose of this act, an issue is finally litigated if:

(3) The Supreme Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue."

We have recently held, however, that ". . . an issue may not be finally litigated or waived in a proceeding in which the defendant has been denied effective assistance of counsel." *Commonwealth v. Musser*, 463 Pa. 85, 87, 343 A.2d 354 (1975).

In *Musser*, appellant filed a PCHA petition in which he alleged ineffective assistance of counsel at both an earlier evidentiary hearing to determine the voluntariness of his guilty plea and on appeal therefrom. The trial court denied the petition on the basis that the voluntariness of the plea had been finally litigated in the earlier proceeding, but it did not conduct a hearing to determine whether appellant had the benefit of competent counsel in that proceeding. The case was therefore remanded so that the trial court could conduct an evidentiary hearing on that issue. See also *Commonwealth v. Murray*, 452 Pa. 282, 305 A.2d 33 (1973).

In the instant case, appellant filed a petition for PCHA relief alleging that his prior appellate counsel was ineffective for not raising certain arguments pertaining to the voluntariness of his guilty plea. Therefore, ". . . the trial court should have held an evidentiary hearing to determine whether, as he alleges, petitioner was denied effective assistance of counsel . . ." *Commonwealth v. Musser*, supra, 463 Pa. at 87, 343 A.2d at 355.

Accordingly, the case is remanded to the Court of Common Pleas of Philadelphia County for further proceedings consistent with this opinion.

Case remanded.

**3.** PCHA § 4, 19 P.S. § 1180–4(a).