452 A.2d 777

**COMMONWEALTH of Pennsylvania**

v.

**Michael FRANKLIN, Appellant.** *

Superior Court of Pennsylvania.

Submitted April 6, 1982.

Filed Nov. 19, 1982.

Petition for Allowance of Appeal Denied March 3, 1983.

John Albert Wetzel, Philadelphia, for appellant.

David DaCosta, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and CIRILLO, JJ.

HESTER, Judge:

The appellant, Michael Franklin, was charged with criminal conspiracy, possessing an instrument of crime, robbery, carrying firearms on a public street and carrying firearms without a license. These charges arose from an incident wherein the appellant and his co-defendant entered a Philadelphia grocery store, threatened the owner with a sawed-off shotgun and fled with a revolver and $135.00 in cash.

The charges were brought via the filing of a written complaint on October 18, 1974. Trial finally commenced on April 30, 1975, 193 days following the filing of the written complaint. During the period between the filing of the complaint and the trial date, four continuances were ordered due to the unavailability of courtrooms; one 3-day continuance due to a conflict in the schedule of appellant's counsel; and, one continuance due to the illness of co-defendant's counsel. The four continuances due to judicial delay alone prevented commencement of trial within 180 days.

On May 2, 1975, the jury returned a guilty verdict to criminal conspiracy, possession of an instrument of a crime generally and robbery. Motions in arrest of judgment and for new trial were denied on June 3, 1975; and, on that same date the appellant was sentenced to a term of imprisonment of seven and one-half (7½) to fifteen (15) years on the robbery bill and a consecutive five (5) years' probation on the remaining charges. An appeal from the judgment of sentence was denied at *Commonwealth v. Franklin,* 252 Pa.Super. 619, 382 A.2d 747 (1978). Appellant's subsequent Writs of Habeas Corpus filed in both the Supreme Court of Pennsylvania and the United States District Court were denied as well.

Following retention of new counsel, appellant filed a petition for post conviction relief in the Court of Common Pleas of Philadelphia County. The prayer was denied and this appeal followed.

■ Appellant argues first that he is entitled to discharge because his right to a speedy trial under Pa.R.Crim.P. 1100 was denied. He concedes that this argument was not properly preserved for appeal because his trial counsel neglected to raise it initially in post trial motions; nevertheless, he maintains counsel's negligence constituted ineffectiveness which in turn is an extraordinary circumstance permitting appellant to raise this argument for the first time on appeal. *Commonwealth v. Holmes,* 468 Pa. 409, 364 A.2d 259 (1976). We agree with the appellant that counsel is deemed ineffective for failing to preserve a meritorious claim that defendant's right to a speedy trial was abridged. *Commonwealth v. Foley,* 269 Pa.Super. 71, 409 A.2d 68 (1979). We do not agree, however, that a determination of ineffectiveness of counsel necessarily depends upon a resolution of whether Rule 1100 was violated below. We find that despite a violation of appellant's right to a speedy trial, the state of the law as it existed during the lower court proceedings was such that appellant's trial counsel could not be deemed ineffective for refusing to object to a Rule 1100 violation.

Rule 1100(a)(2) of the Pa.R.Crim.P. sets forth that trial must commence no later than 180 days from the date of filing the written criminal complaint. Section (c)(1) of that same Rule provides:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial."

Such application shall be granted under Section (c)(3) where: "upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the cause of the delay and the reasons why the delay cannot be avoided."

Section (d), another applicable section of Rule 1100, permits the automatic exclusion of certain periods from computation

of the 180-day period for commencement of trial: the period of time between filing the complaint and arrest under certain circumstances; the period of time for which the defendant waives Rule 1100; the period of time resulting from the unavailability of the defendant or his attorney or from any continuance granted at the request of the defendant or his attorney. Rule 1100 makes no particular mention of excluding delay attributed to the judiciary; therefore, unless case law expands the import of the Rule, we cannot exclude the continuances caused here by unavailability of courtrooms from the 180-day computation.

The lower court held that delays due to the unavailability of courtrooms were excluded by local Philadelphia practice from the computation of the 180-day period. According to the opinion drafted below, this practice was not negated by our appellate courts until some time after the filing of the post trial motions here; and, of course, appellant's trial and post-trial counsel cannot be held accountable for foreseeing future revisions in the law. *Commonwealth v. Ray,* 483 Pa. 377, 396 A.2d 1218 (1979). The lower court concluded, therefore, that the four judicial continuances accounting for nearly 30 days, were excludable from the calculation. Such a conclusion permits the further determination that trial here commenced within 180 days of the filing of the complaint. For those reasons hereinafter discussed, we find the lower court opinion to be somewhat awry although we agree with the result reached.

There appears to be no appellate court decision in effect at the time appellant's charges were pending in the lower court that addressed the excludability of court delay from the 180-day time period. The issue of the effect of judicial delay upon Rule 1100 was finally settled by the Pennsylvania Supreme Court in *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976) and *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976). In *Shelton,* supra, the court began its inquiry with the premise that any period beyond that prescribed by the statute must either be excluded from the computation under Pa.R.Crim.P. 1100(d) or

permitted by an Order in response to a request for an extension pursuant to 1100(c). *Commonwealth v. O'Shea,* 465 Pa. 491, 350 A.2d 872 (1976). The application for an extension must be timely filed before the expiration of the 180-day period. *Shelton,* supra; *O'Shea,* supra; *Commonwealth v. Woods,* 461 Pa. 255, 336 A.2d 273 (1975). The time for filing an application for an extension is determined by the 180-day period plus any time properly excluded under 1100(d). *Shelton,* supra.

■ *Shelton,* supra; *Mayfield,* supra, and their progeny reasoned that "judicial delay" must, at times, justify an extension of time under Rule 1100, because the unavailability of a judge or courtroom could interfere with timely prosecution despite the due diligence of the Commonwealth. See also *Commonwealth v. Kollock,* 246 Pa.Super. 16, 369 A.2d 787 (1977); *Commonwealth v. Kelly,* 246 Pa.Super. 196, 369 A.2d 879 (1976). These same decisions recognized that the excludability of judicial delay somewhat weakened an accused's right to a speedy trial; consequently, an exclusion for judicial delay is not automatic under Rule 1100(d). It must instead be issued in response to an application for an extension under 1100(c). Beyond the requisite filing of an application for an extension, the trial court must find: (1) the due diligence of the prosecution in attempting to commence trial within the prescribed limit; and, (2) proof that the trial is scheduled at the earliest date commensurate with the court's business. If the delay is attributed to the court system, then the record must explain the inevitable delay.

The lower court record here indisputably reveals that the Commonwealth never filed an application for an extension. Although the unavailability of courtrooms may have alone contributed to the commencement of trial beyond 180 days, the record is deplete of an explanation whether the actual first day of trial was the earliest possible date. It appears, then, that trial was conducted in violation of the appellant's speedy trial rights.

■ If the only issue concerning Rule 1100 before us was whether trial was timely commenced, we would be compelled to reverse the judgment of sentence and dismiss the appellant [1]; however, since appellant is raising the speedy trial issue for the first time on appeal, the ultimate issue for our determination is whether trial counsel was ineffective in not objecting to a violation of Rule 1100 in post-trial motions.

■ The practice of the Philadelphia County Courts of Common Pleas at the time that these criminal proceedings were pending below was to exclude time attributed to the unavailability of courtrooms from a computation of the 180-day period. *Commonwealth v. Shelton,* supra, did not alter that rule until two years later. As discussed above, judicial delay incurred here could not properly be excluded from a 180-day calculation because the Commonwealth never filed an application for an extension and there was no on-the-record showing that the first trial date was the earliest available; however, trial counsel did not know that nor can we charge him with the obligation of knowing it. The *Shelton* decision did not materialize until two years after trial and post-trial motions. Counsel cannot be found ineffective for not acting in conformity with unforeseen law, *Ray,* supra, or for not pursuing meritless claims. *Commonwealth v. Rice,* 456 Pa. 90, 318 A.2d 705 (1974); *Commonwealth v. Hosack,* 485 Pa. 128, 401 A.2d 327 (1979). We hold, therefore, that trial counsel properly acted in conformity with local practice in the Philadelphia court system by not challenging the timeliness of trial. Trial was timely commenced; there was no issue *at that time* to raise on appeal. This same conclusion dismisses appellant's argument that his appellate counsel was likewise ineffective for not raising ineffectiveness of trial counsel with respect to the Rule 1100 issue.

1. Changes in law subsequent to judgment, and before decision by appellate courts must be given effect on direct review, *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *Bradley v. School Board of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974).

■ Appellant's remaining argument is that trial counsel was ineffective in failing to file a reconsideration of sentencing before filing an appeal. Appellant offers no evidence in support of his proposition that trial counsel was ineffective in choosing not to pursue a petition for reconsideration of sentencing. In the absence of such evidence, we cannot agree with appellant. Appellant bears the burden of establishing post-conviction relief. *Commonwealth v. Logan,* 468 Pa. 424, 364 A.2d 266 (1976); *Commonwealth v. London,* 461 Pa. 673, 337 A.2d 822 (1975).

Order denying post conviction relief is affirmed.