Commonwealth *v*. Myers, Appellant.

Submitted September 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Philip M. Cullen,* Assistant Public Defender, and *Theodore S. Danforth,* Public Defender, for appellant.

*Ronald L. Buckwalter,* First Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., December 11, 1974:

Appellant Clinton Lee Myers was arrested on December 10, 1971, charged with attempt with intent to kill, and, on April 4, 1972, found guilty by a judge and jury. Appeals from the judgment of sentence resulted in an affirmance by this Court, 225 Pa. Superior Ct. 736 (1973), and a denial of allocatur by our Supreme Court on February 6, 1974. Appellant subsequently filed a petition and an amended petition for relief under the Post Conviction Hearing Act, which petitions were dismissed without a hearing on May 9, 1974. This appeal is from the refusal of the lower court to grant appellant a hearing.

In this appeal, appellant contends:

(1) That he was denied due process of law because of an erroneous charge of the trial judge regarding reasonable doubt;

(2) That his due process rights were violated when, by a slip of the tongue, the trial judge erroneously referred to a shotgun as a revolver; and

(3) That his conviction had been based upon conjecture and surmise, specifically, that there was not sufficient evidence of *intent* to commit murder. The first two issues were waived by appellant's failure to raise them on his counseled direct appeal or to allege extraordinary circumstances which would justify his failure to raise them on direct appeal. 19 P.S. §1180-4 (b) and *Commonwealth v. Murray,* 452 Pa. 282, 305 A. 2d 33 (1973). Appellant did raise the third argument on his direct appeal, but the issue was decided adverse-

ly to him and he is therefore precluded from relitigating the matter now. 19 P.S. §1180-4(a)(2) and *Commonwealth v. Murray, supra.* We find that lower court correctly dismissed appellant's petition.

Order affirmed.