J-S70001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
v. :
:
:
TRAVIS E. KNOTT :
:
Appellant : No. 778 MDA 2017

Appeal from the PCRA Order April 12, 2017
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000772-2015

BEFORE: GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED DECEMBER 28, 2017**

Appellant, Travis E. Knott, appeals from the order entered in the Adams County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. In early 2015, the Commonwealth charged Appellant with theft and related offenses for stealing a cow. On April 29, 2015, the Commonwealth withdrew all charges, after Appellant produced a receipt indicating he had lawfully purchased the cow. In July 2015, the Commonwealth refiled the original charges stemming from the cow theft and charged Appellant with forgery and related offenses for falsifying the receipt he had presented to

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

authorities. On December 3, 2015, Appellant entered a negotiated *nolo contendere* plea to one count of forgery. The court sentenced Appellant on February 8, 2016, to four (4) years' intermediate punishment, with three (3) months' house arrest and the remainder on restorative sanctions, plus fees, fines, restitution, and community service. Appellant sought no direct review.

Appellant timely filed his first PCRA petition through counsel on June 20, 2016. On February 13, 2017, the PCRA court conducted an evidentiary hearing, at which plea counsel and Appellant testified. The court denied Appellant's PCRA petition on April 12, 2017. On May 10, 2017, Appellant timely filed a notice of appeal. The PCRA court ordered Appellant on May 11, 2017, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant complied on May 26, 2017.

Appellant raises one issue for our review:

> WHETHER THE PCRA COURT ERRED BY CONCLUDING THAT [PLEA COUNSEL] DID NOT RENDER INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO CONDUCT A SUFFICIENT PRE-TRIAL INVESTIGATION WHICH CAUSED APPELLANT TO UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUNTARILY ENTER A PLEA OF *NOLO CONTENDERE* TO ONE COUNT OF FORGERY, A 3RD DEGREE FELONY, ON DECEMBER 3, 2015?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal*

- 2 -

*denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. ***Commonwealth v. Abu-Jamal***, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). Where the record supports the PCRA court's credibility resolutions, they are binding on this Court. ***Id.***

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Gonzalez***, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: "(1) the underlying claim is of arguable merit; (2) …counsel had no reasonable strategic basis for his…action or inaction; and

- 3 -

(3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Id.* at 880. "The petitioner bears the burden of proving all three prongs of the test." *Id.* "If a petitioner fails to plead or meet any elements of the [ineffectiveness] test, his claim must fail." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1272 (Pa.Super. 2010). ***See also Commonwealth v. Chmiel***, 612 Pa. 333, 362, 30 A.3d 1111, 1128 (2011) (explaining boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy petitioner's burden of proving ineffectiveness).

A *nolo contendere* or no contest plea is treated the same as a guilty plea "in term of its effect upon a case." ***Commonwealth v. Leidig***, 850 A.2d 743, 745 (Pa.Super. 2004), *aff'd*, 598 Pa. 211, 956 A.2d 399 (2008). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Moser***, 921 A.2d 526, 531 (Pa.Super. 2007) (quoting ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa.Super. 2002)). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Moser, supra*** at 531. Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that

his decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* at 528-29. Mere disappointment in the sentence does not constitute the necessary "manifest injustice" to render the defendant's guilty plea involuntary. **Commonwealth v. Pollard**, 832 A.2d 517, 522 (Pa.Super. 2003). **See also Commonwealth v. Kelly**, 5 A.3d 370, 377 (Pa.Super. 2010), *appeal denied*, 613 Pa. 643, 32 A.3d 1276 (2011) (reiterating principle that courts discourage entry of plea as sentence-testing device).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Thomas R. Campbell, we conclude Appellant's issue on appeal merits no relief. The PCRA court's opinion comprehensively discusses and properly disposes of the question presented. (**See** PCRA Court Opinion, filed April 12, 2017, at 5-11) (finding: Appellant failed to provide evidence showing any potential witnesses would have been able to provide exculpatory evidence concerning forgery charge; at PCRA hearing, plea counsel testified that Appellant did not provide him with list of names of potential exculpatory witnesses; Appellant's ineffectiveness claim concerning plea counsel's purported failure to interview potential exculpatory witnesses lacks arguable merit; regarding Appellant's claim plea counsel was ineffective for allegedly inducing Appellant to enter unknowing, unintelligent, involuntary guilty plea, Appellant signed written plea colloquy; in written colloquy, Appellant acknowledged he entered his plea voluntarily and knowingly; at oral plea

colloquy, Appellant swore he understood, signed, and had discussed written plea colloquy with plea counsel; at PCRA hearing, plea counsel testified he had numerous conversations with Appellant concerning benefits of entering plea and about probation; plea counsel also reviewed written plea colloquy with Appellant to ensure Appellant understood his rights; record belies Appellant's claim he entered plea unknowingly, unintelligently, and involuntarily).  The record supports the PCRA court's rationale.  Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/17

IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA CP-01-CR-772-2015

VS.

TRAVIS KNOTT

## OPINION ON DEFENDANT'S MOTION FOR POST CONVICTION COLLATERAL RELIEF

Before this Court is Defendant, Travis Knott's, PCRA Petition filed on June 18, 2016. For the reasons stated herein, Defendant's request for Post-Conviction Relief is denied.

On December 3, 2015, Defendant appeared with counsel, Attorney George Margetas, and entered a no contest plea to one count of forgery, a felony of the third degree.[1] The plea was open to allow for intake assessment to determine eligibility for admission into the county intermediate punishment program. If eligible, the agreement of the parties was Defendant would be sentenced to four years, with three months restrictive, the remainder on restorative sanctions. On February 8, 2016, this Court sentenced Defendant in accordance with his negotiated agreement to four years in the Adams County Intermediate Punishment Program with three months restrictive and the remainder on restorative sanctions. Defendant filed a Post-Conviction Relief petition on June 20, 2016[2]. A pre-hearing conference was held on August 25, 2016, and following Defense continuances, a hearing was held on February 13, 2017.

---

[1] 18 Pa. C.S.A. § 4101(a)(2)
[2] It is noted that Defendant filed this PCRA petition twenty (20) days after receiving new charges resulting in a filing of a motion for revocation in this case.





In his PCRA petition, Defendant alleges that (1) a constitutional violation so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; (2) Ineffective assistance of counsel so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; and (3) Defendant was unlawfully induced to plead no contest.

To be eligible for relief under the Post-Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541, et seq., a petitioner must plead and prove by a preponderance of the evidence, *inter alia*, that his or her conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa. C.S.A. § 9543(a)(2) and that his or her claims have not been previously litigated or waived. ***Commonwealth v. Keaton***, 45 A.3d 1050, 1060 (Pa. 2012); ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011).

Petitions for Post-Conviction Relief must be filed within one year of the date the judgment of sentence becomes final, unless the petitioner can show that one of the statutory exceptions is applicable. **42 Pa. C.S. § 9545(b)(1)**. The PCRA specifies that "a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review." **42 Pa. C.S. § 9545(b)(3)**. The limitation on the time that a PCRA petition may be filed implicates the court's jurisdiction; thus, a court may not amend or ignore the statutory limitation in order to address the merits of an untimely petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007); ***Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002). Here, the petition is clearly timely, so this Court has jurisdiction to consider it.

Defendant's first and second arguments are intertwined, so this Court will analyze them together. Defendant alleges that a constitutional violation "so undermined

2

the truth-determining process that no reliable adjudication of guilt or innocence could have taken place,"[3] and that ineffective assistance of counsel "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."[4] Defendant alleges that his trial counsel was ineffective during pre-trial proceedings. The Sixth Amendment of the United States Constitution guarantees a defendant the right to assistance of counsel. U.S. CONST. amend. VI. A defendant has a right to effective assistance of counsel during pre-trial proceedings as well as during a trial. *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002); *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). Counsel is presumed effective, and it is the burden of the defendant to produce evidence to prove that counsel was ineffective. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). *See also Commonwealth v. Murray*, 305 A.2d 33, 36 (Pa. 1973). To prevail on a claim for ineffective assistance of counsel, the defendant must plead and prove by a preponderance of the evidence: 1) that his underlying claim has arguable merit; 2) that counsel has no reasonable basis for his or her action or inaction; and 3) that Defendant suffered prejudice because of counsel's action or inaction. *Commonwealth v. Hutchinson*, 25 A.3d 277, 285 (Pa. 2011). Failure to satisfy any prong of the test of ineffectiveness requires rejection of the claim. *Commonwealth v. Hill*, 42 A.3d 1085, 1090 (Pa. Super. 2012) (citation omitted)).

Here, Defendant alleges that his trial counsel (1) advised him to waive his preliminary hearing because "he had a better chance with the trial judge," (2) failed to return numerous phone calls from Defendant, (3) advised Defendant that if he did not

---

[3] 42 Pa. S.C.A. §9543(a)(2)(i)
[4] 42 Pa. S.C.A. §9543(a)(2)(ii)

plead no contest "he would go to jail," (4) advised Defendant that he would go to state prison if he withdrew his plea, (5) advised Defendant to lie to the probation department and tell the department that he abused alcohol, (6) refused to file a post-sentence motion on Defendant's behalf, (7) knew or should have known before Defendant's sentencing that Defendant is unable to comply with the house arrest portion of the Court's Intermediate Punishment sentence because he lives in Taneytown, MD and does not maintain a residence in Adams County, PA, (8) failed to interview any of Defendant's witnesses, and (9) failed to conduct an investigation into whether he can legally serve the house arrest portion of the sentence at his Taneytown, MD residence.

Assuming Defendant's claims (1), (3), (4), (6), and (8) have arguable merit, we proceed to the second prong of the test. The second prong of the test requires Defendant to demonstrate that counsel has no reasonable basis for his or her action or inaction. "Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998).

Here, Defendant's trial counsel implemented pre-trial strategies such as advising Defendant to waive the preliminary hearing; informing Defendant that if he lost at trial, he faced a possible jail sentence; and advising Defendant that he faced a possible state prison sentence if he withdrew his plea. Attorney Margetas had a reasonable basis and an obligation to advise Defendant of all possible outcomes of his case and to suggest particular pre-trial and trial strategies. Indeed, Attorney Margetas likely would have been

4

ineffective if he had not given such advice and guidance to Defendant. Therefore, these claims fail the second prong of the test, and this Court must reject these claims.

Defendant's sixth claim alleges that Attorney Margetas refused to file a post-sentence motion on Defendant's behalf. Nothing in the record suggests this. At Defendant's PCRA hearing, Defendant briefly testified that he asked Attorney Margetas to file a post-sentence motion because he was not guilty.[5] In any event, this Court finds that Defendant's testimony is not credible, and Defendant failed to produce any additional evidence that he asked Attorney Margetas to file a post-sentence motion. Even if this claim is true, Defendant has failed to show any prejudice. Because Defendant pled no contest and did not present any evidence tending to show that he is innocent, Attorney Margetas had a reasonable basis for not filing what would have been a frivolous post-sentence motion. Therefore, this Court must reject this claim.

Defendant also alleges that his trial counsel was ineffective because he allegedly failed to contact and interview Defendant's witnesses. "Trial counsel will not be deemed ineffective for failing to assert a claim that would not have been beneficial, or for failing to interview or present witnesses whose testimony would not have been helpful." *Howard*, 719 A.2d at 237. Defendant argues that Attorney Margetas failed to interview three witnesses who allegedly witnessed Defendant purchasing the stolen cow and receiving a receipt from the owner. Defendant fails to recognize that he was not convicted of the original theft or receiving stolen property charges. Rather, he pled no contest to a single forgery charge, based on providing a forged receipt to the District Attorney's Office causing the withdrawal of the original theft charges. Defendant has

---

[5] PCRA Hearing. Tr., pg. 35-36, February 13, 2017

provided nothing to suggest that any witnesses that he may have called would be able to provide exculpatory evidence in regards to his forgery charge. Further, Attorney Margetas testified that Defendant never provided him with a list of potential witnesses.[6] Based on the testimony and evidence provided, Defendant's claim does not have arguable merit. Even if it did, counsel had a reasonable basis for his actions. Therefore, this Court must reject Defendant's eighth claim.

In his fifth claim, Defendant alleges that his trial counsel advised him to lie to the probation department regarding his use of alcohol.[7] Nothing in the records suggests that Attorney Margetas advised Defendant to lie to the probation department nor has Defendant produced any evidence to prove this allegation. In addition, Attorney Margetas denied this allegation during his testimony.[8] This Court does not find Defendant's self-serving testimony as credible. Therefore, this allegation is meritless.

In his second claim, Defendant alleges that Attorney Margetas failed to return numerous phone calls and messages (approximately 10-15) from Defendant. Again, Defendant provides no proof in support of this allegation whatsoever. In addition to meeting with Defendant twice before Defendant's preliminary hearing, Attorney Margetas testified that he also met with Defendant at least twice before Defendant's arraignment and spoke with Defendant on the phone a couple of times as well.[9] Attorney Margetas also testified that he spoke with Defendant before Defendant entered his no contest plea on December 3, 2015 and also spoke with Defendant regarding his

---

[6] PCRA Hearing Tr., pg. 69, February 13, 2017
[7] PCRA Hearing Tr., pg. 24-25, February 13, 2017
[8] PCRA Hearing Tr., pg. 81, February 13, 2017
[9] PCRA Hearing Tr., pg. 58, February 13, 2017

pre-trial discussions with Assistant District Attorney Miranda Blazek.[10] Further, in his guilty plea colloquy, Defendant signed his initials next to the line stating, "I am fully satisfied with what my lawyer has done for me and what my lawyer is doing for me today concerning this case." Therefore, this allegation is without merit.

Defendant's claims (7) and (9) are intertwined so will be addressed together. In claim 7, Defendant alleges that Attorney Margetas knew or should have known before Defendant's sentencing that Defendant is unable to comply with the house arrest portion of the Court's Intermediate Punishment sentence because he lives in Taneytown, MD and does not maintain a residence in Adams County, PA. Defendant alleges in claim 9 that Attorney Margetas failed to conduct an investigation into whether Defendant can legally serve the house arrest portion of his sentence at his Taneytown, MD residence. It is not Attorney Margetas's responsibility to make housing arrangements for Defendant or babysit Defendant to make sure that he is in compliance with his probation requirements. These responsibilities are Defendant's.

When Defendant pled no contest, the plea was open for consideration for admission into the county intermediate punishment program. At this point in time, it was Defendant's responsibility to determine whether he would be able to comply with the requirements of the intermediate punishment program, specifically the house arrest requirements. Contrary to Defendant's assertions here, Defendant was fully aware of the requirement that he have an Adams County residence at which to serve his house arrest. At sentencing on February 8, 2016 this Court granted Defendant extra time in order to make accommodations to serve the house arrest portion of his sentence.

---

[10] PCRA Hearing Tr., pg. 59, February 13, 2017

Indeed, the exchange between the Court and Attorney Margetas in the presence of

Defendant disproves Defendant's allegations. The transcript reads as follows:

> ATTORENY MARGETAS: Your Honor, the only thing I would ask is that my client currently lives in Taneytown. He does have a place. It's a trailer here in Gettysburg that he can set up. He needs about two weeks to make that a viable place for him to go and do his house arrest at.
> THE COURT: It's three months restrictive, two-thirds, one-third split. Do we have a report date in mind?
> ATTORNEY MARGETAS: If we could have it – if he could report on the 26th of February. That should give him plenty of time to take care of this.
> THE COURT: Mr. Knott, do you have anything to say at this time?
> THE DEFENDANT: No, Your Honor.[11]

Attorney Margetas and Defendant clearly discussed the need for housing arrangements

in Adams County, and Attorney Margetas explained the possibility of Defendant using a

trailer he owns in Adams County for that purpose. Defendant alone is responsible for his

inability to secure housing in Adams County and to comply with his probation

requirements. Further, the Adams County Probation Department was willing and able to

accommodate Defendant by letting him do house arrest at the campground where

Defendant works and use a GPS unit. Defendant admitted this at his PCRA hearing; the

transcript reads as follows:

> Q. And [Adams County Probation Department] indicated they would even let you use a GPS unit in order to do your house arrest; do you recall that?
> A: That's what I was told, yes.
> Q: Because you didn't have a landline phone or something along those lines?
> A: At the campground they didn't have landline phones, that is correct.
> Q: So they were going to let you do house arrest at the campground on a GPS unit; is that correct?
> A: That's correct.[12]

In addition, Attorney Margetas also testified as follows:

---

[11] Sentencing Hearing Tr., pg. 2-3, February 8, 2016
[12] PCRA Hearing Tr., pg. 42, February 13, 2017

> Q: And had you discussed with him prior to the actual sentencing taking place whether or not he would be able to have house arrest given the fact he was a Maryland resident?
> A: That was a discussion we had. It was brought to my attention. That was one of the reasons why we got together before the actual sentencing date, and he would need to be a resident in Adams County, and that's when he told me he lives at this trailer or has a trailer that he can attach to, and he kept saying, you know, as long as I can go there, it's okay. And so he indicated to me that he could fulfill Adams County's requirements of having to be in the county.[13]

Based on the facts and the testimonies of Attorney Margetas and Defendant himself, Defendant was completely aware that in order to do his house arrest he needed to reside in Adams County. The fact that Defendant failed to secure a residence in Adams County does not render Attorney Margetas ineffective. Therefore, Defendant's claims are without merit.

Lastly, Defendant alleges that he was unlawfully induced to plead no contest, and his plea was involuntary, unknowing, and unintelligent. Defendant further claims that his attorney's ineffectiveness caused him to plead no contest and that this ineffectiveness resulted in an unreliable adjudication. Defendant also alleges that Attorney Margetas refused to let Defendant withdraw his plea. However, Defendant admitted that when he appeared before this Court, he failed to tell the judge that he wanted to withdraw his no contest plea.[14] Attorney Margetas also testified as follows:

> Q: And did [Defendant] make some claim to you or some request to you that he wanted to withdraw his plea?
> A: He never said he wanted to withdraw his plea. He said that if I don't get house arrest, what are my options, and that's when I told him we have the ability to withdraw your plea when we get to court.
> Q: And did he ask you to withdraw his plea when you all came in for sentencing?
> A: He did not.[15]

---

[13] PCRA Hearing Tr., pg. 66-67, February 13, 2017

[14] PCRA Hearing Tr., pg. 41, February 13, 2017

[15] PCRA Hearing Tr., pg. 66, February 13, 2017

9

Defendant now requests that this Court allow him to withdraw his no contest plea and grant him a new trial with competent counsel. In order to "withdraw a plea after sentencing the defendant must show that the court, by denying withdrawal, would be sanctioning a manifest injustice. Such a manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." **Commonwealth v. Gunter**, 771 A.2d 767, 771 (Pa. 2001). A nolo contendere or no contest plea is treated the same as a guilty plea "in terms of its effect upon a case." **Commonwealth v. Leidig**, 850 A.2d 743, 745 (Pa. Super. 2004). See also **Commonwealth v. Ferguson**, 44 Pa. Super. 626, 628 (Pa. Super. 1910). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." **Commonwealth v. Allen**, 732 A.2d 582, 587 (Pa. 1999).

As discussed supra, Defendant's claims that Attorney Margetas was ineffective are meritless and are rejected as such by this Court. Defendant, on his written guilty plea colloquy signed his initials acknowledging that he was voluntarily and knowingly pleading no contest. Nothing in the record suggests that Defendant's plea was involuntary, unknowing, or unintelligent. Attorney Margetas testified that he had numerous phone conversations with Defendant including discussions of Defendant's rights, the benefits of pleading guilty or no contest, and probation.[16] Attorney Margetas also went over the written plea colloquy with Defendant to make sure that he understood all of the rights and rules that apply to pleading guilty.[17] The record by itself

---

[16] PCRA Hearing Tr., pg. 63, 65, February 13, 2017
[17] PCRA Hearing Tr., pg. 63, February 13, 2017

10

refutes Defendant's claim that he entered his plea unknowingly, unintelligently, and involuntarily. The transcript of the plea colloquy reads as follows:

> THE COURT: Mr. Knott, have you had a chance to see this plea colloquy?
> THE DEFENDANT: Yes, sir.
> THE COURT: Did you read, sign, and initial this document?
> THE DEFENDANT: Yes, sir.
> THE COURT: Did you understand it all?
> THE DEFENDANT: Yes, sir.
> THE COURT: Have you had a chance to speak with Attorney Margetas about it?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you have any questions about this colloquy I can answer for you at this time?
> THE DEFENDANT: No, sir.[18]

.....................................................................

> THE COURT: Has anybody promised you anything or threatened you in any way to cause you to enter this plea?
> THE DEFENDANT: No, sir.[19]

The plea colloquy transcript, Defendant's testimony from the PCRA hearing, and Attorney Margetas's testimony from the PCRA hearing refute Defendant's claim that he was unlawfully induced to plead no contest. The evidence also refutes Defendant's claim that he requested to withdraw his plea and was denied. This Court finds that Defendant did knowingly, intelligently, voluntarily, and understandingly enter his no contest plea, and therefore Defendant's claim is meritless. Defendant's request to withdraw his plea is denied.

---

[18] Plea Colloquy Tr., pg. 4, December 3, 2015
[19] Plea Colloquy Tr., pg. 5, December 3, 2015

Therefore, for all the reasons stated herein, Defendant's Motion for Post Conviction Collateral Relief is denied. Accordingly, the attached Order is entered.

DATE: April 12, 2017

**THOMAS R. CAMPBELL**
**Judge**

12